Marcus A. Helt (TX 24052187)
mhelt@foley.com
Steven C. Lockhart (TX 24036981)
slockhart@foley.com
Thomas C. Scannell (TX 24070559)
tscannell@foley.com
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL TO DEBTORS**
**REAGOR-DYKES MOTORS, LP** *et al.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **Reagor-Dykes Motors, LP,** *et al.* | § | **Case No. 18-50214-rlj-11** |
| | § | **Jointly Administered** |
| Debtors. | § | |
| | § | |
| **Reagor-Dykes Imports, LP,** | § | |
| **Reagor Dykes Auto Company, LP,** | § | |
| **Reagor-Dykes Plainview, LP,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Adversary No. (Refer to Summons)** |
| | § | |
| **Vista Bank,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT TO TURNOVER ESTATE PROPERTY, AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 542, 549, 550 AND 551, AND TO DISALLOW CLAIMS UNDER 11 U.S.C. § 502

In accordance with Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure, Reagor-Dykes Imports, LP ("**RDI**"); Reagor Dykes Auto Company, LP ("**RDAC**"); and Reagor-Dykes Plainview, LP ("**RDP**"); (collectively, "**Plaintiffs**"), as debtors and debtors-in-possession in the above-styled and captioned cases (the "**Bankruptcy Cases**"), file this

complaint (the "**Complaint**") to turnover property of the estate, avoid certain obligations and recover certain transfers against Vista Bank (the "**Defendant**"), to disallow any claims held by Defendant and recover compensatory damages for Defendant's willful violations of the automatic stay. In support of this Complaint, Plaintiffs allege, upon information and belief and subject to proof, the following.

## I.
## NATURE OF THE CASE

1.       Plaintiffs seek to compel Defendant, pursuant to section 542 of the Bankruptcy Code, to turn over to Plaintiffs the exclusive physical possession, dominion and control of all estate property unlawfully in Defendant's possession, including, without limitation, all post-Petition Date deposits, cash and cash equivalents currently under Defendant's possession, dominion and/or control.

2.       Plaintiffs seek to avoid and recover from Defendant certain transfers made in violation of sections 549, 550 and 551 of the Bankruptcy Code, including any and all transfers that were made after Plaintiffs commenced the Bankruptcy Cases and which transfers were not authorized by the Bankruptcy Code or this Court.

3.       Plaintiffs object to and seek to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against any one or more of the Plaintiffs in the Bankruptcy Cases or that has been, or may be, scheduled in favor of Defendant. Plaintiffs do not waive but hereby reserve all of their respective rights to withhold any and all distributions, transfers or other forms of payment on account of any such claims for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

4. Plaintiffs seek to recover from Defendant all compensatory damages suffered by Plaintiffs as a result of Defendant's willful automatic stay violations. Defendant's unlawful control over estate property has damaged Plaintiffs' ability to reorganize within these Bankruptcy Cases. The post-Petition Date funds unlawfully retained by Defendant should have been delivered to Plaintiffs and made available for Plaintiffs' use in accordance with the Bankruptcy Code and Court orders. Defendant is liable for all actual damages sustained by Plaintiffs as a result of Defendant's willful automatic stay violations.

## II.
## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §§ 157 and 1334(b), this Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in and relates to those certain cases under title 11 currently pending in the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division (the "**Court**"), captioned *In re Reagor-Dykes Motors, LP, et al.,* Jointly Administered under Case No. 18-50214-11 (RLJ).

6. The legal predicates for the relief requested in this adversary proceeding are §§ 105, 362, 363, 502, 541, 549, 550 and 551 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 3007, 7001(1), and 7003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

7. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

8. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1409.

## III.
## PARTIES

9.      Each Plaintiff is a limited partnership formed under the laws of the State of Texas. Each Plaintiff operates at a principal place of business located within the State of Texas. Each Plaintiff is authorized to transact business within the State of Texas. Each Plaintiff currently operates and manages its business as a "debtor-in-possession" pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Plaintiffs are the exclusive entities authorized with standing and capacity, among other things, to prosecute, settle, dismiss, abandon, or otherwise dispose of the assets of the bankruptcy Estates (as defined below) in these Bankruptcy Cases, including, without limitation, the claims and causes of action asserted in this adversary proceeding.

10.      Upon information and belief, Defendant is a depository banking and lending institution domiciled in the State of Texas. In the State of Texas, Defendant maintains a registered agent located at: Attention: Gene McLaughlin, 901 Main Street, Ralls, Texas 79357, which Defendant may be served with process at such location. Defendant operates as an insured financial depository institution with its principal place of business in the State of Texas. Pursuant to Rule 7004(h) of the Bankruptcy Rules, service of process in this adversary proceeding may be made on Defendant by mailing a copy of the summons and Complaint via first class mail prepaid to Defendant's attorney of record appearing on behalf of Defendant in the Bankruptcy Cases. By the nature of Plaintiffs' claims against Defendant, the Court has personal jurisdiction over Defendant in this adversary proceeding. Defendant is named as a party in this action in the proper capacity as a member of the Federal Reserve System registered with the Federal Deposit Insurance Corporation as an insured financial depository institution.

## IV.
## FACTUAL BACKGROUND

### A. Bankruptcy Proceedings

11.     On August 1, 2018 ("**Petition Date**"), each Plaintiff filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The respective Plaintiffs' bankruptcy cases are jointly-administered cases[1] in the United States Bankruptcy Court for the Northern District of Texas with their respective their bankruptcy estates (the "**Estates**") pending before the Court.

12.     Collectively, Debtors (along with two (2) non-debtor affiliates) operate eight (8) dealerships with thirteen (13) locations – twelve (12) in West Texas and one (1) in Dallas – as a consolidated group (collectively, the "**Dealerships**").

13.     On August 30, 2018, BlackBriar Advisors, L.L.P. ("**BlackBriar**") was approved on a final basis by the Court as Chief Restructuring Officer of Debtors.

14.     On August 30, 2018, this Court approved Mullin Hoard & Brown, L.L.P.'s withdrawal as counsel to Debtors effective as of August 21, 2018.

15.     Subject to this Court's approval, Debtors retained the undersigned as (replacement) counsel, effective as of August 22, 2018.  On September 10, 2018, Debtors filed that certain *Application for an Order Pursuant to 11 U.S.C. § 327(a) and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure Authorizing Employment and Retention of Foley Gardere, Foley & Lardner LLP, as Counsel to the Debtors and Debtors-in-Possession Effective August 22, 2018* [Docket No. 254].

---

[1] In addition to RDI, RDAC, and RDP, the other debtors in the Jointly Administered Bankruptcy Cases are Reagor-Dykes Motors, LP ("**RDM**") (Case No. 18-50214); Reagor-Dykes Amarillo, LP ("**RDA**") (Case No. 18-50216); and Reagor-Dykes Floydada, LP ("**RDF**") (Case No. 18-50219) (collectively, the "**Debtors**").

16. On October 9, 2018, the Court entered its *Order Authorizing Application for an Order Pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Foley Gardere, Foley & Lardner LLP as Counsel to Debtors and Debtors-in-Possession Effective August 22, 2018* [Docket No. 347].

17. Prior to the Bankruptcy Cases, Debtors owned and operated the automotive Dealerships in the State of Texas, with approximately 700 employees and over $800 million in sales – currently, Debtors have approximately 113 employees.

18. In late July 2018, Ford Motor Credit Company LLC ("**Ford**") sued the Debtors,[2] requesting, among other things, sequestration of certain assets belonging to Debtors. Ford's lawsuit against Debtors is currently stayed under 11 U.S.C. § 362(a) and remains pending before the United States District Court for the Northern District of Texas, Lubbock Division, as Case Number 5:18-cv-00186-C ("**Ford Litigation**").

19. In the Ford Litigation, Ford alleges that Debtors and their principals defaulted on those certain commercial floor plan financing agreements and breached the same by: (i) selling vehicles "out of trust", (ii) failing to make required payments to Ford as and when due, (iii) submitting false or inaccurate information to Ford, and (iv) obtaining financing from Ford under false pretenses. In response to the Ford Litigation, Debtors filed the Bankruptcy Cases to provide an adequate opportunity to investigate the Ford Litigation allegations and preserve the value of Debtors' ongoing business operations.

---

[2] The named defendants in the Ford Litigation are: RDA, RDAC, Reagor-Dykes II, L.L.C., RDF, RDI, Reagor Auto Mall I, L.L.C., RDM, RDP, Reagor-Dykes III, L.L.C., Bart Reagor and Rick Dykes.

**B. Plaintiffs' Cash Management System**

20.     Prior to the Petition Date, one or more of the Plaintiffs maintained the below depository bank accounts with Defendant (the "**Pre-Petition Accounts**").

| Account Number | Account | Account Holder |
|---|---|---|
| xxx3387 | Checking | RDAC |
| xxx6693 | Checking | RDAC |
| xxx3409 | Checking | RDI |
| xxx2788 | Checking | RDP |
| xxx3395 | Checking | RDP |
| xxx2723 | Savings | RDAC |
| xxx9343 | Savings | RDI |
| xxx6842 | Savings | RDP |

21.     As a regular course of Plaintiffs' pre-Petition Date business operations, certain receivables due and payable to one or more of the Plaintiffs were deposited directly into one or more of the Pre-Petition Accounts.

22.     On and after the Petition Date, Plaintiffs established new bank accounts with Prosperity Bank in accordance with the guidelines ("**Guidelines**") established by the United States Trustee's Office ("**US Trustee**") for chapter 11 debtor-in-possession bank accounts (the "**DIP Accounts**"):

| Account Number | Account | Account Holder |
|---|---|---|
| xxxxx1290 | Payroll | RDAC |
| xxxxx1355 | Operating | RDAC |

| xxxxx8134 | Payroll | RDP |
| xxxxx8126 | Operating | RDP |
| xxxxx1436 | Operating | RDI |
| xxxxx1428 | Payroll | RDI |

23. On August 30, 2018, the Court entered its *Third Interim Order (I) Authorizing the Debtor to use Cash Collateral of Ford Motor Credit Company, (II) Granting Adequate Protection for use Thereof, (II) Modifying the Automatic Stay to Allow for the Relief Requested Herein and (IV) Continuing Final Hearing* [Dkt. 192] ("**Cash Collateral Order**").

24. The Cash Collateral Order set forth the full extent to which all of Plaintiffs' cash and cash equivalents received after the Petition Date may be used in connection with Plaintiffs' ordinary course of business operations.

25. On and after the Petition Date, each Plaintiff provided instructions to immediately cease and refrain from any further deposits into their respective Pre-Petition Accounts. Each Plaintiff provided instructions for delivery of all future payments directly into the respective Plaintiff's DIP Accounts. Despite Plaintiffs' instructions, subsequent to the Petition Date, certain third parties continued making payments on the Plaintiffs' receivables via direct deposits into the Pre-Petition Accounts maintained by Defendant.

26. The funds comprising the post-Petition Date deposits, transfers and/or credits maintained by Defendant in the Pre-Petition Accounts ("**Post-Petition Deposits**")[3] are property of Plaintiffs' bankruptcy Estates under 11 U.S.C. § 541(a).

---

[3] As used herein, the defined term of "**Post-Petition Deposits**" means all cash and cash equivalents deposited, transferred and/or credited in the Pre-Petition Accounts on and after the Petition Date, specifically including,

27. The Post-Petition Deposits do not comply with the terms of the Cash Collateral Order. The Cash Collateral Order does not permit the Post-Petition Deposits to be maintained by Defendant in the Pre-Petition Accounts. All Post-Petition Deposits must be maintained in the DIP Accounts and used strictly in accordance with the terms of the Cash Collateral Order.

28. The Post-Petition Deposits violate the US Trustee's Guidelines requiring all of the Plaintiffs' post-Petition Date deposits, credits and revenue generated to be held in the DIP Accounts.

29. The Court has not entered any order authorizing the Post-Petition Deposits. As such, the Post-Petition Deposits are not "authorized" by the Court under 11 U.S.C. § 549.

30. The Defendant is currently in possession, custody, dominion and control of the Post-Petition Deposits.

31. The Post-Petition Deposits are avoidable and recoverable as unauthorized post-petition transfers under 11 U.S.C. §§ 549, 550, and 551.

32. As an entity in possession of estate property under 11 U.S.C. § 541, Defendant is required under 11 U.S.C. § 542 to turnover to Plaintiffs all funds comprising the Post-Petition Deposits (as property of the bankruptcy Estates) to the DIP Accounts.

33. As the "transferee" of avoidable and recoverable transfers, Defendant is required under 11 U.S.C. §§ 549, 550 and 551 to return to Plaintiffs (via transfer to Plaintiffs' DIP Accounts) all funds comprising the Post-Petition Deposits.

34. Plaintiffs have demanded that Defendant transfer all funds deposited and/or credited in the Pre-Petition Accounts on and after the Petition Date, including the Post-Petition

---

without limitation, the specific transfers set forth on **Exhibit A** hereto under the table heading entitled "Post-Petition Deposits".

Deposits, into the DIP Accounts. Defendant has failed and refused, and continues to fail and refuse, to transfer the Post-Petition Deposits to DIP Accounts.

35.     Defendant has not released any of the Post-Petition Deposits to Plaintiffs.

36.     Under 11 U.S.C. § 362(a)(3), Defendant has willfully violated the automatic stay by knowingly retaining possession of, and intentionally exercising control over, property of the Plaintiffs' bankruptcy Estates.

37.     Plaintiffs have sustained actual damages as a result of Defendant's willful stay violations.  Plaintiffs have not had access to their cash proceeds in Defendant's possession, which has limited Plaintiffs' cash flow since the Petition Date.  The diminished use of cash flow has damaged Plaintiffs' ability to maximize business operations during the pendency of these Bankruptcy Cases. Defendant is liable for the actual damages sustained by Plaintiffs arising from Defendant's unlawful control over the Post-Petition Deposits and corresponding restriction of Plaintiffs' post-Petition Date cash flow.

### C.  Plaintiffs' Investigation

38.     Plaintiffs' investigation of the fraud allegations raised in the Ford Litigation is ongoing. Included within Plaintiffs' investigation is the extent of Defendant's involvement in the fraudulent activities alleged by Ford.  The extent of Defendant's potential involvement and liability remains undetermined at this time.  To the extent Defendant's liability exceeds the balance of Defendant's claims against Plaintiffs' bankruptcy Estates, Defendant will not hold an enforceable right to payment against the Estates under 11 U.S.C. § 502(d). Without an enforceable right to payment, no debt would exist and Defendant cannot hold a "claim" as defined under 11 U.S.C. § 101(5).  Without a "claim" against Plaintiffs, any and all security interests pledged to secure such nonexistent debt will also cease to exist.

39.    Through this adversary proceeding and pursuant to Rule 3007(b) of the Bankruptcy Rules, Plaintiffs object to and seek to disallow any and all portions of Defendant's claims against the Estates, both secured and unsecured, during the ongoing investigation of Defendant's involvement and potential liability for the fraud allegations raised in the Ford Litigation.

## V.
## CLAIMS FOR RELIEF

### COUNT I
### Turnover of Property of the Estate —11 U.S.C. § 542

40.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

41.    The Post-Petition Deposits represent the cash proceeds of receivables and other property interests owned by Plaintiffs.  Plaintiffs' receivables were property of the Estates pursuant to 11 U.S.C. §§ 541(a)(1), (7).  Plaintiffs' property interests in the credits deposited into the Pre-Petition Accounts are property of the Estates pursuant to 11 U.S.C. §§ 541(a)(1), (7).  As such, the Post-Petition Deposits are property of the Estates under 11 U.S.C. §§ 541(a)(6), (7).

42.    Defendant is in possession, custody and control of the Post-Petition Deposits.

43.    Defendant is not authorized to have possession, custody or control of the Post-Petition Deposits.

44.    The Post-Petition Deposits must be used in accordance with the Cash Collateral Order pursuant to 11 U.S.C. § 363 to finance the working capital needs of Plaintiffs' ordinary course of business operations during the pendency of these Bankruptcy Cases.

45.    The Post-Petition Deposits have more than inconsequential value to Plaintiffs' Estates because the amount of the Post-Petition Deposits exceeds $1,320,434.32.  These funds

must be used to finance Plaintiffs' administration of the Estates in these Bankruptcy Cases. Without access to such funds, Plaintiffs will incur unnecessary costs and additional expenses to administer the Estates in these Bankruptcy Cases.

46.    Accordingly, Defendant is required to turnover exclusive physical possession, custody, dominion and control of the Post-Petition Deposits to Plaintiffs via transfer of the Post-Petition Deposits into Plaintiffs' DIP Accounts.

47.    All conditions precedent to the bringing of this action have been performed or have occurred.

## COUNT II
## Avoidance of Unauthorized Post-Petition Transfers —11 U.S.C. § 549

48.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

49.    The Post-Petition Deposits represent the cash proceeds of receivables and other property interests owned by Plaintiffs.  Plaintiffs' receivables were property of the Estates pursuant to 11 U.S.C. §§ 541(a)(1), (7).  Plaintiffs' property interests in the credits deposited into the Pre-Petition Accounts are property of the Estates pursuant to 11 U.S.C. §§ 541(a)(1), (7).  As such, the Post-Petition Deposits are property of the Estates under 11 U.S.C. §§ 541(a)(6), (7).

50.    The Post-Petition Deposits were delivered to the Pre-Petition Accounts maintained by Defendant after the Petition Date.

51.    Defendant is the recipient of the Post-Petition Deposits.

52.    Defendant is currently in possession, custody and control of the Post-Petition Deposits.

53.    Despite demand being made, Defendant refuses to provide Plaintiffs access to the funds comprising the Post-Petition Deposits.  Defendant intends to use the Post-Petition Deposits

to offset and/or recoup against Defendant's alleged pre-Petition Date claims against Plaintiffs' Estates.

54. As the direct recipient of the Post-Petition Deposits, Defendant is a "transferee" of the Post-Petition Deposits because the same are transfers from third parties to Defendant's dominion and control.

55. Defendant's receipt of the Post-Petition Deposits constitutes one or more "transfers" that occurred without Court authorization.

56. The Court did not authorize Defendant's receipt of the Post-Petition Deposits.

57. The Post-Petition Deposits held by Defendant in the Pre-Petition Accounts violate the US Trustee's Guidelines.

58. Defendant's possession and intended use of the Post-Petition Deposits violates the terms of the Court's Cash Collateral Order.

59. The Post-Petition Deposits must be used strictly in accordance with the terms of the Court's Cash Collateral Order.

60. Pursuant to the Cash Collateral Order, Plaintiffs must be provided access to the Post-Petition Deposits to finance the working capital needs of Plaintiffs' ordinary course of business operations during the pendency of these Bankruptcy Cases.

61. As a result of the foregoing, pursuant to 11 U.S.C. § 549(a), Plaintiffs are entitled to judgment (a) avoiding all of the Post-Petition Deposits, (b) directing that each of the Post-Petition Deposits be set aside, and (c) awarding the Plaintiffs such other and further relief that is just and proper.

62. All conditions precedent to the bringing of this action have been performed or have occurred.

## COUNT III
### Recovery and Preservation of Avoided Conveyances — 11 U.S.C. §§ 550, 551

63.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

64.     Plaintiffs are entitled to avoid the Post-Petition Deposits under 11 U.S.C. § 549 (collectively, the "**Avoidable Transfers**").

65.     Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

66.     Pursuant to 11 U.S.C. § 550(a), Plaintiffs are entitled to recover from Defendant an amount not less than the total aggregate balance of all the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

67.     Pursuant to 11 U.S.C. § 551, all of the Avoidable Transfers are preserved for the benefit of Plaintiffs' bankruptcy Estates.

68.     All conditions precedent to the bringing of this action have been performed or have occurred.

## COUNT IV
### Objection to and Disallowance of all Claims — 11 U.S.C. § 502(d) and (j)

69.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

70.     Pursuant to Rule 3007(b) of the Bankruptcy Rules, a party in interest shall not include a demand for relief of a kind specified in Rule 7001 of the Bankruptcy Rules in an objection to the allowance of a claim, but may include such objection in an adversary proceeding.  Rule 7001(8) specifies that an "adversary proceeding" includes any proceeding to

subordinate any claim or interest. Because Plaintiffs' objections to Defendant's claims include a request to equitably subordinate such claims, Plaintiffs' objection to any and all claims of Defendant against Plaintiffs' bankruptcy Estates should be merged into and included within this Adversary Proceeding.

71.     Defendant is a transferee of transfers avoidable under section 549 of the Bankruptcy Code, which property is recoverable and preserved under sections 550 and 551 of the Bankruptcy Code.

72.     Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

73.     Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignees, against Plaintiffs' bankruptcy Estates must be disallowed until such time as Defendant pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

74.     In addition, Plaintiffs' investigation of the fraud allegations raised in the Ford Litigation is ongoing. Included within Plaintiffs' investigation is the extent of Defendant's involvement in the fraudulent activities alleged by Ford. The extent of Defendant's potential involvement and liability remains undetermined at this time. To the extent Defendant's liability exceeds the balance of Defendant's claims against Plaintiffs' bankruptcy Estates, Defendant will not hold an enforceable right to payment against the Estates under 11 U.S.C. § 502(d). Without an enforceable right to payment, no debt would exist and Defendant cannot hold a "claim" as defined under 11 U.S.C. § 101(5). Without a "claim" against Plaintiffs, any and all security interests pledged to secure such nonexistent debt will also cease to exist.

75.     Through this adversary proceeding and pursuant to Rule 3007(b) of the Bankruptcy Rules, Plaintiffs object to, seek to disallow, and seek to withhold any distributions to Defendant, and seek to prevent Defendant from enforcing any and all portions of Defendant's alleged claims against the Estates, both secured and unsecured, until such time as (i) Plaintiffs' investigation against Defendant is concluded and (ii) Defendant pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

76.     Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant and/or its assignee(s) against Plaintiffs' bankruptcy Estates previously allowed, if any, must be reconsidered and disallowed until such time as (i) Plaintiffs' investigation against Defendant is concluded and (ii) Defendant pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

77.     All conditions precedent to the bringing of this action have been performed or have occurred.

## COUNT V
### Equitable Subordination of Defendant's Claim(s) Against the Estates

78.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

79.     Subject to proof, any claim asserted by Defendant against Plaintiffs' bankruptcy Estates arises from inequitable conduct, including conduct described in this Complaint, which has resulted in injury to creditors or the conferring of an unfair advantage on Defendant. This inequitable conduct has resulted in hardship to Plaintiffs' bankruptcy Estates and the entire creditor body. Accordingly, pursuant to §§ 510(c)(1) and 105(a), Defendant's claims against

Plaintiffs' bankruptcy Estates should be equitably subordinated to the allowed claims of legitimate general unsecured creditors for distribution purposes.

80.     All conditions precedent to the bringing of this action have been performed or have occurred.

**COUNT VI**
**Compensatory Damages for Willful Violation of Automatic Stay**

81.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

82.     The Post-Petition Deposits represent the cash proceeds of receivables and other property interests owned by Plaintiffs.  Plaintiffs' receivables were property of the Estates pursuant to 11 U.S.C. §§ 541(a)(1), (7).  Plaintiffs' property interests in the credits deposited into the Pre-Petition Accounts are property of the Estates pursuant to 11 U.S.C. §§ 541(a)(1), (7).  As such, the Post-Petition Deposits are property of the Estates under 11 U.S.C. §§ 541(a)(6), (7).

83.     Plaintiffs have demanded that Defendant transfer all funds deposited, specifically including the Post-Petition Deposits, into the Pre-Petition Accounts on and after the Petition Date into Plaintiffs' DIP Accounts.

84.     Defendant has failed and refused, and continues to fail and refuse, to transfer the Post-Petition Deposits to Plaintiffs' DIP Accounts.

85.     Defendant has not released any of the Post-Petition Deposits to Plaintiffs.

86.     Under 11 U.S.C. § 362(a)(3), Defendant has willfully violated the automatic stay by knowingly retaining possession of, and intentionally exercising control over, property of Plaintiffs' bankruptcy Estates.

87. Plaintiffs have sustained actual damages as a result of Defendant's willful stay violations, including, without limitation, attorneys' fees and costs.

88. Plaintiffs have not had access to their cash proceeds in Defendant's possession, which has damaged Plaintiffs' ability to maximize business operations during the pendency of these Bankruptcy Cases.

89. Defendant is liable to Plaintiffs for compensatory damages arising from Defendant's unlawful control over the Post-Petition Deposits and corresponding restriction of Plaintiffs' post-Petition Date cash flow.

90. All conditions precedent to the bringing of this action have been performed or have occurred.

## COUNT VII
### Demand for Attorneys' Fees and Recovery of Costs

91. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

92. Plaintiffs had to retain attorneys to prepare, file, and prosecute this action, and have incurred fees and expenses in connection therewith.

93. Based on the facts and circumstances surrounding Defendant's willful and intentional acts described herein, it is equitable and just that Plaintiffs recover for costs and reasonable legal fees. Accordingly, Plaintiffs seek recovery of costs, including reasonable attorneys' fees and legal expenses incurred by Plaintiffs in connection with the preparation and filing of all pleadings in this case and in prosecuting the same.

94. All conditions precedent to the bringing of this action have been performed or have occurred.

## VI.
## RESERVATION OF RIGHTS

95.     During this Adversary Proceeding, Plaintiffs may learn through discovery or otherwise of additional facts and circumstances regarding the relationships among Plaintiffs, any other Debtor parties and/or their affiliates, Defendant and other third parties that were unknown to Plaintiffs as of the date of this Complaint.  The allegations in this Complaint are formed on Plaintiffs' ongoing investigation to date regarding the transactions evidenced by Plaintiffs' books and records.

96.     Plaintiffs reserve all rights to supplement and amend this Complaint, including, without limitation, the right to (a) further state/allege/aver information regarding the Ford Litigation; (b) seek to avoid additional obligations, transfers and conveyances; (c) seek to recover additional transfers; (d) modify, add, subtract, revise and/or otherwise amend the parties; (e) allege additional defendant parties; and/or (f) allege additional causes of action that may become known to Plaintiffs at any time during this Adversary Proceeding through discovery or otherwise, and for the all such amendments to this Complaint to relate back to the same.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief against Defendant:

A. Judgment in favor of Plaintiffs and against Defendant ordering Defendant to turnover exclusive physical possession, dominion and control over all property of the estate in Defendant's possession, specifically including, without limitation, all Post-Petition Deposits, pursuant to 11 U.S.C. § 542, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. Judgment in favor of Plaintiffs and against Defendant, avoiding all of the Avoidable Transfers, preserving all of the Avoidable Transfers for the benefit of Plaintiffs' bankruptcy Estates, and directing Defendant to return to Plaintiffs the amount of the

Avoidable Transfers, pursuant to 11 U.S.C. §§ 549, 550(a) and/or 551, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C. Judgment in favor of Plaintiffs and against Defendant, directing and ordering Defendant, or any immediate or mediate transferee thereof, to turnover to Plaintiffs the full amount or value of all avoidable transfers received by Defendant including, without limitation, any and all Avoidable Transfers, or any immediate or mediate transferee of Defendant, pursuant to 11 U.S.C. § 550;

D. Awarding judgment against Defendant in Plaintiffs' favor in an amount equal to:

    (i)    the full amount of all Avoidable Transfers received by Defendant (and any other avoided transfers discovered after the date of this Complaint);

    (ii)    in addition to and without limiting the foregoing (to the extent not duplicative), the full amount of all compensatory and actual damages suffered by Plaintiffs as a result of Defendant's willful violation of the automatic stay by unlawfully retaining, withholding and exercising control over property of Plaintiffs' bankruptcy Estates, including, without limitation, the Post-Petition Deposits;

    (iii)    pre-judgment interest at the maximum legal rate running from the time of such transfers were made until the date of judgment herein;

    (iv)    post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

    (v)    all legal fees and costs incurred by Plaintiffs in this suit;

E. Judgment in favor of Plaintiffs and against Defendant disallowing, withholding distribution on, and staying enforcement of any and all portions of any and all claims in favor of Defendant against the Estates, both secured and unsecured (administrative, priority, general unsecured, or otherwise): (i) held by Defendant, (ii) previously allowed, if any, in favor of Defendant, (iii) filed by Defendant against Plaintiffs' bankruptcy Estates, and/or (iv) otherwise scheduled or listed in Defendant's favor until (y) Plaintiffs' investigation of Defendant is concluded (and only to the extent such investigation conclusively establishes that Defendant's claims, if any, against the Estates are allowed in an amount in excess of Defendant's liability, if any, to the Estates), and (z) Defendant returns the full balance of the Avoidable Transfers, plus interest thereon and costs, to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j);

F. Directing and ordering that Defendant's allowed claims against Plaintiffs' bankruptcy Estates, if any, are subordinated to all claims held by the general unsecured creditors of Plaintiffs' bankruptcy Estates; and

    G. Awarding Plaintiffs such other and further relief that this Court deems just and proper.

DATED: October 30, 2018           Respectfully submitted by:

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
mhelt@foley.com
Steven C. Lockhart (TX 24036981)
slockhart@foley.com
Thomas C. Scannell (TX 24070559)
tscannell@foley.com
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL TO PLAINTIFFS**

## Exhibit A

### List of Avoidable Transfers

| Unauthorized Post-Petition Deposits | | | |
|---|---|---|---|
| Date | Amount | Account | Transfer[4] |
| 8/6/2018 | $927.72 | RDAC Checking xxx3387 | Miscellaneous Credit<br>Rvse Payment on BL #73443 |
| 9/28/2018 | $2.33 | RDAC Savings xxx2723 | Interest Credit<br>Interest Payment |
| 8/6/2018 | $359.83 | RDAC Savings xxx2723 | Miscellaneous Credit<br>Rvse Payment on BL #73443 |
| 8/29/2018 | $5,748.74 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Reserve Disburs-DLR Trans |
| 8/20/2018 | $231.90 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/20/2018 | $168.01 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/17/2018 | $352.98 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/16/2018 | $345.28 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
| 8/14/2018 | $704.61 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/14/2018 | $655.68 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |

---

[4] Plaintiffs have requested multiple times for the official account statements showing all activity in the Pre-Petition Accounts since the Petition Date. Defendant has failed and refused, and continues to fail and refuse, to provide Plaintiffs with the account statements for their Pre-Petition Accounts. The Transfer detail provided herein was obtained from the Defendant's password protected online banking portal for Plaintiffs' Pre-Petition Accounts. The descriptions of the Transfers provided herein are described in identical fashion to the fullest extent of all information available through Defendant's online banking portal.

| 8/14/2018 | $301.57 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
|---|---|---|---|
| 8/14/2018 | $135.91 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
| 8/13/2018 | $1,362.00 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/13/2018 | $182.25 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
| 8/10/2018 | $297.97 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/10/2018 | $171.50 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
| 8/9/2018 | $351.97 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
| 8/9/2018 | $351.97 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T<br>(Reference Number 20004674) |
| 8/8/2018 | $48,134.69 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Loan Funding – DLR Trans |
| 8/8/2018 | $894.81 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/7/2018 | $21,492.26 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Santander Consum-Direct Pay<br>**102329835**<br>JTMZFREVXJJ19192 |
| 8/7/2018 | $1,665.21 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |

| 8/6/2018 | $33,690.89 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Loan Funding – DLR Trans |
|---|---|---|---|
| 8/6/2018 | $3,142.49 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
| 8/3/2018 | $92,252.97 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-U.S. Bank N.A. – Lease ACH |
| 8/3/2018 | $26,683.62 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TD Auto Finance – CCC Entry |
| 8/3/2018 | $26,499.83 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-CAF - Houston – Dealers |
| 8/3/2018 | $20,402.00 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-AmeriCredit Fina – Loan Fundi |
| 8/3/2018 | $12,627.65 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Santander Consum-Direct Pay<br>**102047297**<br>5YFBURHE4EP02643 |
| 8/3/2018 | $6,111.12 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-SunTrust LN 656 – DLR DISB |
| 8/3/2018 | $2,991.60 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Chase – Dealer RSV |
| 8/3/2018 | $545.00 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/3/2018 | $451.00 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/3/2018 | $223.00 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/3/2018 | $84.01 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-Transfirst-BKCD<br>STLMT543684555779198<br>Reagor Dykes T |
| 8/2/2018 | $59,000.00 | RDP Checking xxx2788 | Miscellaneous Credit<br>Credit Memo |
| 8/2/2018 | $51,936.84 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-MUSA Auto Finance –<br>ORGNTN600-101758 |

| 8/2/2018 | $30,106.44 | RDP Checking xxx2788 | Miscellaneous Credit AC-MUSA Auto Finance – ORGNTN600-101723 |
| 8/2/2018 | $19,627.86 | RDP Checking xxx2788 | Miscellaneous Credit AC-Santander Consum-Direct Pay **102282473** JTEBU5JR5F525133 |
| 8/2/2018 | $19,250.00 | RDP Checking xxx2788 | Miscellaneous Credit AC-Toyota-CMMRMR*I V*VIN#2T3RFREV0JW8 |
| 8/2/2018 | $16,545.75 | RDP Checking xxx2788 | Miscellaneous Credit AC-AmeriCredit Fina – Loan Fundi |
| 8/2/2018 | $15,205.48 | RDP Checking xxx2788 | Miscellaneous Credit AC-Foursight – Elec – CR |
| 8/2/2018 | $6,739.24 | RDP Checking xxx2788 | Miscellaneous Credit AC-Lubbock National – Payment NTE*July Reserve Disbursement |
| 8/2/2018 | $513.28 | RDP Checking xxx2788 | Miscellaneous Credit AC-TSYS-Transfirst-BKCD STLMT543684555779198 Reagor Dykes T |
| 8/2/2018 | $255.18 | RDP Checking xxx2788 | Miscellaneous Credit AC-Zurich American-Payments |
| 8/2/2018 | $155.00 | RDP Checking xxx2788 | Miscellaneous Credit AC-Zurich American-Payments |
| 8/1/2018 | $77,698.00 | RDP Checking xxx2788 | Returned Item Returned Check (Reference 36708) |
| 8/1/2018 | $59,001.00 | RDP Checking xxx2788 | Returned Item Returned Check (Reference 36739) |
| 8/1/2018 | $15,997.29 | RDP Checking xxx2788 | Returned Item Returned Check (Reference 36727) |
| 8/6/2018 | $60,772.78 | RDI Checking xxx3409 | Miscellaneous Credit Rvse Pymt to BL #73443 |
| 9/10/2018 | $523.16 | RDAC Checking xxx6693 | Miscellaneous Credit AC-Citi Private LBL – Payment |

| 8/29/2018 | $4,159.47 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-Reserve Disburse – DLR Trans |
|---|---|---|---|
| 8/23/2018 | $30,164.33 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Santander Consum-Direct Pay<br>**101017294**<br>1FMCU0F76JUC0660 |
| 8/23/2018 | $17,758.54 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Santander Consum-Direct Pay<br>**100127738**<br>1FADP3F22JL32182 |
| 8/23/2018 | $16,552.15 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Santander Consum-Direct Pay<br>**102245661**<br>1FA6P8AM4F533781 |
| 8/22/2018 | $1,766.07 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Lynx Services<br>EDI PYMNTSISA*00* *00* |
| 8/20/2018 | $2,136.24 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Lynx Services<br>EDI PYMNTSISA*00* *00* |
| 8/20/2018 | $310.57 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/20/2018 | $301.69 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/20/2018 | $128.21 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/15/2018 | $309.13 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/14/2018 | $812.88 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/14/2018 | $287.17 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-SF Mutual<br>A08SF0001NTE*ZZZ*<br>108364240KA0808137053 |
| 8/10/2018 | $93.62 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/9/2018 | $155.08 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |

| 8/9/2018 | $150.99 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-TransFirst – BKCD<br>STLMT543684555779200<br>Reagor Dykes T |
| --- | --- | --- | --- |
| 8/8/2018 | $28,755.00 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Loan Funding – DLR Trans |
| 8/7/2018 | $27,352.80 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Santander Consum-Direct Pay<br>**102412012**<br>2FMPK3G93JBC2312 |
| 8/7/2018 | $6,205.89 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-TransFirst – BKCD<br>STLMT543684555779200<br>Reagor Dykes F |
| 8/7/2018 | $823.96 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-Citi Private LBL – Payment |
| 8/7/2018 | $365.22 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-Flagship ACC – Credits |
| 8/6/2018 | $43,911.84 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-Ford Motor Co – USNASA CRT |
| 8/6/2018 | $3,968.77 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-TSYS-TransFirst – BKCD<br>STLMT543684555779200<br>Reagor Dykes F |
| 8/3/2018 | $50,203.26 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-TD Auto Finance – CCC Entry |
| 8/3/2018 | $32,000.00 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-USAA Auto Loan Payment<br>VIN 5LMJJ2JT0HEL00425 |
| 8/3/2018 | $5,078.60 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-SunTrust LN 656 – DLR DISB |
| 8/3/2018 | $4,763.52 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-Chase – Dealer RSV |
| 8/3/2018 | $1,448.39 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-TSYS-TransFirst – BKCD<br>STLMT543684555779200<br>Reagor Dykes F |
| 8/3/2018 | $1,298.42 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-BB&T – BBT RESRV |

| | | | |
|---|---|---|---|
| 8/3/2018 | $629.99 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-FORD CREDIT – DEFTCREDIT |
| 8/2/2018 | $67,345.99 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-U.S. Bank – Dealer FND |
| 8/2/2018 | $36,918.84 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-TD Auto Finance – CCC Entry |
| 8/2/2018 | $24,343.97 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-Loan Funding – DLR Trans |
| 8/2/2018 | $11,000.28 | RDAC Checking xxx6693 | Miscellaneous Credit<br>Credit Memo |
| 8/2/2018 | $2,426.49 | RDAC Checking xxx6693 | Miscellaneous Credit<br>AC-TSYS-TransFirst – BKCD<br>STLMT543684555779200<br>Reagor Dykes F |
| 8/2/2018 | $293.55 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/2/2018 | $247.97 | RDP Checking xxx2788 | Miscellaneous Credit<br>AC-Zurich American-Payments |
| 8/1/2018 | $67,769.00 | RDP Checking xxx2788 | RETURNED ITEM<br>RETURNED CHECK<br>(Reference 70614) |
| 8/1/2018 | $59,930.00 | RDP Checking xxx2788 | RETURNED ITEM<br>RETURNED CHECK<br>(Reference 70667) |
| 9/28/2018 | $0.64 | RDP Savings xxx6842 | Interest Credit<br>Interest Payment |
| 8/6/2018 | $5,364.49 | RDP Savings xxx6842 | Miscellaneous Credit<br>Rvse Pymt on BL #73443 |
| 9/28/2018 | $2.27 | RDI Savings xxx9343 | Interest Credit<br>Interest Payment |
| 8/6/2018 | $19,027.36 | RDI Savings xxx9343 | Miscellaneous Credit<br>Rvse Pymt on BL #73443 |
| **TOTAL** | **$1,320,434.32** | | |